Martha S. **FREEMAN**, Plaintiff,

v.

Elizabeth **DOLE**, et al., Defendants.

Civ. A. No. 76–1587.

United States District Court,
District of Columbia.

March 8, 1985.

David H. Shapiro, Asst. U.S. Atty., Washington, D.C., for defendants.

June D.W. Kalijarvi, Washington, D.C., for plaintiff.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Before the Court are a supplemental request for attorney's fees and a request for review of costs filed by plaintiff in the above-captioned matter. These current petitions are an outgrowth of the attempt by plaintiff to seek enforcement of this Court's order of May 24, 1984, awarding plaintiff $23,961.57 in reasonable attorney's fees and expenses as a result of her successful employment discrimination suit under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 (1976), and the Age Discrimination in Employment Act of 1974, 29 U.S.C. § 633a (Supp. III 1979). Plaintiff has been required since the date of this order to respond to three papers filed by defendants: an opposition to plaintiff's petition for fees and costs, an opposition to defendants' motion for leave to note an untimely appeal, and an opposition to defendants' motion to alter or amend the Court's order denying leave to appeal. As it is well settled that time necessarily spent litigating a fee request is itself compensable, *Copeland v. Marshall*, 641 F.2d 880, 896

(D.C.Cir.1980) (en banc), the Court now turns its attention to the specific requests presented.

## A. ATTORNEY'S FEES

▮ The most useful starting point in determining the amount of a reasonable attorney's fee "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Plaintiff has claimed an additional 25.1 hours since the order of this Court awarding attorney's fees and costs. Defendants' do not challenge the number of hours expended by plaintiff's counsel. The Court notes that counsel was required to prepare three substantive documents to respond adequately to the contentions raised by defendants. The Court finds that, in light of these circumstances, 25.1 hours was a reasonable amount of time to expend on this phase of the litigation.

Plaintiff has proposed most recently that the reasonable hourly rate should be set at her law firm's current customary hourly rate of $100.00 an hour. Defendants' oppose this figure, claiming that the District of Columbia Circuit Court of Appeals decision in *Laffey v. Northwest Air Lines, Inc.*, 746 F.2d 4 (D.C.Cir.1984) ("*Laffey II*"), *requires that "[a]ny award to plaintiff's counsel.... must be at rates between $20 and $40 per hour." Defendants' propose these lower rates because these rates signify the rate originally set in the retainer agreement between plaintiff and her lawyers.*

▮ In this Court's order of May 24, 1984, plaintiff was awarded rates between $85.00 and $125.00 an hour, based on this Court's determination of the prevailing community rate. Since *Laffey II*, the reasonable hourly rate for counsel for prevailing parties presumptively is the hourly rate customarily charged by the lawyer. However, defendants' err in relying upon rates negotiated in 1976 between plaintiff and her lawyers. A reasonable hourly rate reflects the rate in effect at the time the fees

are awarded, not the rate in effect when the fee agreement was signed. *Copeland v. Marshall*, 641 F.2d 880, 896 (D.C.Cir. 1980). Therefore, the reasonable hourly rate for plaintiff for the services under consideration is the firm's usual billing rate of $100.00 an hour. In addition, plaintiff is entitled to compensation for the work of a paralegal, and for costs for photocopying ($24.00), postage ($4.15), and messenger ($43.50) incurred in this phase of the litigation. Therefore, the total compensation for attorney's fees is:

Fees  
   25.1 hours $\times$ $100.00 an hour = $2,510.00

Paralegal  
   1.0 hour $\times$ $ 15.00 an hour = $ 15.00

Costs                 = $ 71.65

            TOTAL    $2,596.65

## B. COSTS

Plaintiff has requested this Court to review the taxation of costs by the clerk of the court in this case, pursuant to Fed.R. Civ.P. 54(d). Plaintiff applied to the court clerk for costs for the following items: filing fees ($10.00); service fees ($15.00); transcript costs ($661.45); printing costs ($44.52); witness fees ($104.00); photocopying ($998.55); and expert witness fees ($4,599.03). The clerk awarded all but the latter two costs in their entirety. The clerk awarded $100.00 in photocopying expenses and awarded no costs for the expert witness expense. Plaintiff now seeks review of the clerk's determination of these two costs. The Court reviews each request in turn.

### 1. *Photocopying Expenses*

▮ The clerk of the court awarded plaintiff $100.00 in photocopying expenses, pursuant to court regulations. Plaintiff has requested this court to review this item and to award an additional $898.55 for photocopying expenses which, she argues, were reasonably incurred in "duplicating exhibits for trial [and filing] the numerous pleadings ..." Plaintiff's Request for Review of the Clerk's Taxation of Costs at 3. In support of this request, plaintiff cites

cases stating that photocopying expenses are recoverable and that in civil rights cases the recovery of such costs is especially appropriate. *See Dowdell v. City of Apopka, Florida,* 698 F.2d 1181, 1190 (11th Cir.1983) ("if the real income of civil rights litigators is decreased because they must absorb costs which are generally billable in other types of cases, the market result will be to channel attorneys toward more remunerative types of litigation").

Although this Court appreciates the policy underlying recovery of costs in civil rights litigation, the issue here is not whether such costs are recoverable, but whether in this case the costs under consideration were reasonably expended. Unfortunately, plaintiff has provided the Court with no documentation of the photocopying expenses for this phase of the litigation other than to say that they were necessarily incurred:

> Given the extensive history of this case, the requirement for duplicating exhibits for trial, and the numerous pleadings that have been filed, we submit that the duplicating costs applied for is [sic] reasonable and should be reimbursed.

Plaintiff's Request for Review of the Clerk's Taxation of Costs at 3–4. This explanation does not suffice to indicate to the Court to what extent the costs described are reasonable. The clerk's office directs applicants for costs to "[a]ttach to your bill an itemization and documentation for requested costs in all categories." This instruction appears on the face of the application for bill of costs under the heading "Special Note." Plaintiff has not provided sufficient documentation for the additional $898.55 she has requested. Therefore, the Court declines to alter the taxation of costs made by the clerk of the court.

2. *Expert Witness Fees*

Plaintiff also seeks review of the clerk's decision not to tax as costs recoverable fees paid to plaintiff's expert witness, Applied Urbanetics, Inc., who testified with regard to statistical evidence presented by plaintiff in support of her claim of discrimination. Expert witness fees may be recovered in civil rights cases, however, the allowance of such expenses should be governed by the guiding principle that no compensation is due for nonproductive services. *Copeland v. Marshall,* 641 F.2d 880, 891. In this case, this Court concluded in its findings of fact and conclusions of law both in its original order and on remand that the assumptions of plaintiff's statistician were incorrect and that the "statistical evidence has little probative value vis-a-vis [plaintiff's] claim of race and sex discrimination." Findings of Fact, October 29, 1980 at 4. This Court also concluded that the statistics were deficient in five respects and that they were "not probative of the issues addressed in the instant litigation." *Id.* at 10. In light of the inconsequential contribution these statistics made to plaintiff's ultimate success, the Court now holds that the $4,599.03 should not be recoverable because it was a nonproductive expense. Thus, the Court declines to alter the clerk's refusal to tax this cost.